IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00111-WCM

| | | |
|---|---|---|
| TIMOTHY CURTIS STOKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| ANDREW SAUL,<br>Acting Commissioner of the Social<br>Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion," Doc. 36).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party (other than the United States) in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 33 & 34 (remanding case pursuant to judgment and mandate of the United States Court of Appeals for the Fourth Circuit).

1

An award of attorney's fees under the EAJA must be "reasonable." 28 U.S.C. § 2412(A). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

A Certification of Consultation attached to the Motion indicates that the Defendant has no objection to the Motion. Doc. 36-4. Additionally, an Affirmation executed by Plaintiff's counsel provides that although attorney fees in this matter (including appeal to the Fourth Circuit) total $17,403.23, "the parties agreed informally to fees of $15,600.00." Doc. 36-5 at 4. Further, it appears that the fees in Plaintiff's case (before the agreed reduction) were calculated using various hourly rates ranging from $193.70 per hour to $205.62 per hour. Id. at 2-3. Courts in this district have approved similar rates. See Ashcraft v. Berryhill, No. 3:13-CV-00417-RLV-DCK, 2017 WL 2273155, at *1 (W.D.N.C. May 24, 2017) ("Plaintiff is entitled to an award of attorney's fees under the EAJA at the requested rate of $189.87 per hour"); Stacy v. Saul, No. 3:18-cv-279-MR-WCM, Doc. 24 (Jan. 29, 2020), United States District Court, Western District of North Carolina, Charlotte Division (allowing hourly rates of $201.58 for work performed in 2018 and $205.23 for work performed in 2019). Plaintiff's counsel has also submitted a summary of time spent on this civil action, including on appeal. Doc. 36-6. After review and consideration of the Motion, supporting documents, and applicable authority, the Court finds

that the amount sought is reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $936.90, "reflecting an agreement on how much should be paid for the federal court filing fees and printing costs." Doc. 36-5 at 4. Although the definition of "fees and expenses" under the EAJA does not include filing fees, see 28 U.S.C. § 2412(d)(2)(A), fees of the Clerk may be taxed as costs under 28 U.S.C. § 1920, and the cost statute is expressly incorporated into § 2412(a)(1).[1] Based on the documents attached to the Motion, it appears that Plaintiff has expended $400.00 in filing fees in this court, and $505.00 in filing fees with respect to Plaintiff's Notice of Appeal. Doc. 36-3 at 2. With respect to the remaining costs, it appears that printing costs totaled $2,076.96, and therefore the request for only an additional $31.90 (above the filing fees) represents a significant discount. Considering that the parties have reached an agreement with respect to an award of $936.90 in costs, the undersigned will allow an award in that amount.

---

[1] "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). While an award of attorney fees under the EAJA is paid by the Social Security Administration, see § 2412(d)(4), an award of costs is paid from the Judgment Fund administered by the U.S. Department of the Treasury. See 31 U.S.C. § 1304.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion," Doc. 36) is **GRANTED** and

   a. Plaintiff is awarded attorney's fees in the amount of $15,600.00 ("Fee Award") and

   b. Plaintiff is awarded $936.90 in costs pursuant to 28 U.S.C. §2412(a)(1).

(2) As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

   a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: March 5, 2021

W. Carleton Metcalf
United States Magistrate Judge