IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00111-WCM

| | |
|---|---|
| TIMOTHY CURTIS STOKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion for an award of attorney's fees pursuant to 42 U.S.C. §406(b) (the "Motion," Doc. 38).

I. Procedural Background

On June 28, 2017, Plaintiff Timothy Curtis Stoker ("Plaintiff") initiated this action seeking judicial review of the Commissioner's decision to deny his application for disability insurance benefits. Doc. 1.

On July 30, 2018, United States Magistrate Judge Dennis Howell affirmed the Commissioner's decision. Doc. 25. Plaintiff appealed, and on November 3, 2020, the United States Court of Appeals for the Fourth Circuit vacated and remanded this matter with instructions to remand the case to the Social Security Administration for further proceedings. See Doc. 30; see also Doc. 33 (Order remanding matter following issuance of the Mandate).

1

On March 5, 2021, the court awarded attorney's fees to Plaintiff in the amount of $15,600.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Doc. 37.

On August 23, 2021, the Commissioner issued a Notice of Award. Doc. 38-3 at 8-12. The Notice advised Plaintiff that the Commissioner "usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's fee" and that $51,559.75 of Plaintiff's past-due benefits had been withheld. Id. at 11. Plaintiff and his attorney had a Retainer Agreement and Assignment pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. Doc. 38-3 at 2-3.

Plaintiff's counsel now seeks an award of $51,559.75 in fees pursuant to 42 U.S.C. § 406(b)(1), with the additional stipulation that upon receipt of such payment, Plaintiff's counsel will refund to Plaintiff the $15,600.00 previously awarded under the EAJA. Doc. 38-2 at 5.[1]

---

[1] Plaintiff's counsel additionally states that "[u]pon receipt of the Notice of Award for the Plaintiff's eligible child, counsel will seek approval of a fee from the Social Security Administration which has exclusive jurisdiction to approve fees for administrative time for any additional fees that are being withheld from these benefits. However, under no circumstances will the combined fees sought under 42 U.S.C. § 406(a) and § 406(b) exceed 25% of the past due benefits awarded to the Plaintiff and his eligible child." Doc. 38-2 at 5. See also Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) (citations omitted) (federal courts do not have jurisdiction to make fee awards for professional representation at the administrative level because the Commissioner alone has that authority).

The Commissioner has filed a response stating that she "neither supports nor opposes Plaintiff's counsel's request." Doc. 40.

## II. Discussion

There are two ways attorney's fees may be awarded to a Social Security benefits claimant.

First, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A).

Second, 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

Although attorney's fees may be awarded under both statutes, the Social Security Act requires that the attorney refund the smaller fee to the claimant. "Thus, an EAJA award offsets an award under Section 406(b)...." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

3

Further, 42 U.S.C. §406(b) "was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ...§ 406(b) simply instructs a court to review the agreement for reasonableness." Mudd, 418 F.3d at 428.

Nonetheless, while the Fourth Circuit has recognized the "primacy" of a lawful attorney-client fee arrangement, a reduction of a contingent fee award may be appropriate when "(1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd, 418 F.3d at 428 (quoting Gisbrecht, 535 U.S. at 808).

Here, Plaintiff and his counsel entered into a Retainer Agreement and Assignment that provided as follows:

> If this case is remanded by the United States District Court to the Social security Administration for further administrative proceedings, the law firm agrees to continue representation. If the claimant is awarded past due benefits by the Appeals Council or an Administrative Law Judge, the law firm may apply for fees under §406(a) and/or §406(b). **These fees will not exceed 25% of the back due benefits due to claimant and their family**. Fees will be approved by the U.S. District Court pursuant to §406(b) of the Social Security Act and/or by the Social Security Administration pursuant to §406(a).

Doc. 38-3 at 2 (emphasis in original).

Plaintiff's counsel has represented Plaintiff before this court for over approximately four years, and based on the Notice of Award, has secured a significant amount of past due benefits on behalf of Plaintiff.

Counsel have provided additional information regarding their qualifications and expertise and have submitted an Itemization of Hours indicating that counsel expended 87.70 hours of time litigating this matter in federal court. Doc. 38-3 at 5-6. While the Commissioner points out that an award of $51,559.75 would result in an hourly rate of $587.91 an hour, the Commissioner has not argued specifically that such a payment is unreasonable in this case, and such a rate is not inconsistent with hourly rates that have been approved in other cases. See Jones v. Astrue, No. 1:09cv61-MR, 2012 WL 2568083 (W.D.N.C. June 29, 2012) (awarding attorney's fees in the amount of $37,634,75 pursuant to §406(b), which was equal to an hourly rate of $1,060.13, and collecting cases in which the hourly rate awarded ranged from $446.41 to $1,021.00); see also Mudd, 418 F.3d 424 (affirming full contingent fee of $12,231,50 where Commissioner objected that such an award would yield a "wind-fall" in the form of an hourly rate of $736.84).

In addition, there is no indication that counsel has unduly delayed these proceedings.

Under these circumstances, the undersigned will allow the Motion.

5

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion (Doc. 38) is **GRANTED**, and Plaintiff is awarded attorney's fees in the amount of Fifty-One Thousand Five Hundred Fifty-Nine Dollars and Seventy-Five Cents ($51,559.75) pursuant to 42 U.S.C. § 406(b)(1)(A).

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees approved herein, Plaintiff's counsel shall pay to Plaintiff the sum of $15,600.00, representing a refund of the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Signed: November 19, 2021

W. Carleton Metcalf
United States Magistrate Judge